## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **NINTENDO OF AMERICA INC.** | |
| *Plaintiff*, | CIVIL ACTION NO. 3:20-CV-01076-JJH |
| v. | Hon. Jeffrey J. Helmick |
| **TOM DILTS, JR.** | |
| and | |
| **UBERCHIPS, LLC, d/b/a UBERCHIPS.COM** | |
| *Defendants*. | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

This matter came before the Court on the parties' Consent to Entry of Judgment and Permanent Injunction, Dkt. No. 14, and Joint Motion for Entry of Final Judgment and Permanent Injunction, Dkt. No. 15.  The Court enters judgment as follows:

1. Plaintiff is hereby awarded judgment against all Defendants, jointly and severally, in the amount of US$2,000,000.00.

2. Each party shall bear its own costs and attorneys' fees.

In addition, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), 28 U.S.C. § 1651(a), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, the Court orders as follows:

1. A permanent injunction is entered against Defendants enjoining them and their agents, servants, employees, successors, assigns, and all those acting in privity or under their control from:

1

a.      Offering to the public, selling, providing, or otherwise trafficking in any circumvention devices—including but not limited to the SX Pro, SX Core, and SX Lite—accompanying SX OS software, and any other circumvention devices or software that target Nintendo, Nintendo's consoles, Nintendo's technological protection measures, and/or Nintendo's copyrighted works;

b.      Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting,  inducing, or participating in the infringement of, any of Nintendo's copyrights or trademarks, whether now in existence or hereafter created;

c.      Destroying, transferring, altering, moving, returning, concealing, or in any manner hiding any and all video games, video game files, and video game emulators (and any digital files comprising the same) in which Nintendo owns or controls intellectual property rights ("Nintendo materials") and which were used in connection with UBERCHIPS.COM or any related website or social media site (the "Websites"), and all documents and records relating or referring in any way to those Nintendo materials in connection with the Websites;

d.      Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs a-c; and

e.      Unfairly competing with Nintendo.

2.      The Court further enjoins Defendants and all third parties acting in active concert and participation with Defendants—including but not limited to any domain name registrars or registries holding or listing any of Defendants' websites—from supporting or facilitating access to any or all domain names, URLs, websites (including, without limitation, UBERCHIPS.COM), including any successor websites, chatrooms, and other social media

2

websites or apps (including, without limitation, the Facebook group UberChips) through which Defendants traffic in circumvention devices that threaten Plaintiff's technological protection measures or which infringe Plaintiff's rights under the Copyright Act.

3.      Defendants are further prohibited from engaging in any other violation of the Digital Millennium Copyright Act or the Copyright Act, or any other federal or state law, as respects Nintendo.

4.      The Court further orders that Defendants and their officers, agents, servants, employees, attorneys, and others acting in active concert or participation with Defendants— including but not limited to any domain name registrars or registries holding or listing any of Defendants' websites:

a.      surrender, and permanently cease to use, the domain name UBERCHIPS.COM, any variant or successor thereof controlled by Defendants, and any other website or system that Defendants (or any of them) own or control, directly or indirectly, that involve Nintendo materials; and

b.      immediately transfer the domain name UBERCHIPS.COM, any variant or successor thereof controlled by Defendants, and any other website or system that Defendants (or any of them) own or control, directly or indirectly, that involve Nintendo materials, to Plaintiff's control.

5.      The Court further enjoins Defendants and all third parties acting in active concert and participation with Defendants—including but not limited to any domain name registrars or registries holding or listing any of Defendants' websites—from supporting or facilitating access to any or all domain names, URLs, and websites (including, without limitation, UBERCHIPS.COM), or any successor thereof, through which Defendants infringe Plaintiff's

copyrights.

6.      The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's selection, the seizure, impoundment, and/or destruction of all Circumvention Devices, all copies of SX OS, and all other electronic material or physical devices within Defendants' custody, possession, or control—including any hard drives or other electronic storage devices containing such material—that violate Nintendo's rights under the DMCA or infringe copyrights owned or exclusively licensed by Nintendo.

7.      This permanent injunction constitutes a binding court order, and any violations of this order by Defendants will subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

8.      The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.  Plaintiff is not required to post any bond or security in connection with this Stipulated Order and Permanent Injunction, and Defendants have permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

**IT IS SO ORDERED**.


s/ Jeffrey J. Helmick
_____
UNITED STATES DISTRICT COURT JUDGE

4